T. F. BROWN v. W. M. RANDOLPH.

Decided April 6, 1901.

**1.—Trespass to Try Title—Equitable Relief—Jurisdiction.**

Where defendant in trespass to try title, in addition to the plea of not guilty, specially answered, setting up an oral contract of sale under which he had gone into possession and on which he had paid $300, alleging that plaintiff had put it beyond his power to perform the contract, with prayer that defendant recover back the $300 so paid, it was error to sustain a demurrer to the special answer on the ground that the oral contract was within the statute of frauds and the district court had not jurisdiction of the amount of such payment, since equity would not allow plaintiff to recover the land and rents and yet retain the money defendant had so paid.

**2.—Same—Rents.**

Where a purchaser of land under an oral contract of sale has gone into possession by virtue of the contract, he can not be held liable on an implied contract for rent, although the oral contract is obnoxious to the statute of frauds, since the actual relation of the parties is that of vendor and vendee,—the oral contract of sale being rendered neither void nor illegal by the fact that the statute prohibits its enforcement into title.

Appeal from Fisher.   Tried below before Hon. P. D. Sanders.

*L. B. Allen,* for appellant.

*C. H. Steele,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellee against appellant to recover two quarter sections of land lying in Fisher County.   The defendant, Brown, pleaded not guilty, and speciallly, in substance, that he had purchased the land by an oral contract made with Randolph for the sum of $1400, and on the day of purchase Randolph put him in possession of the land, and he paid him in cash the sum of $300, and executed his six promissory notes for $1100, to become due and payable in one, two, three, and four years, respectively, as had been agreed upon; that the deed was made out on that day and executed by Randolph, but was not delivered, the plaintiff holding it to secure his wife's signature thereto, nor were the notes delivered; that since then the plaintiff, Randolph, had given a deed of trust on one tract of the land to secure a prior vendor's lien then due so as to extend the payment thereof   in installments for nine years, when he had agreed to pay off and take up said vendor's lien in about four years, showing in effect that Randolph had put it beyond his power to perform his contract of sale made with defendant as he alleged it in his answer.   He also alleged that after the vendor's lien note was extended and secured by the deed of trust, Randolph tendered him a deed to the two tracts and demanded the notes he was to give, and he refused to deliver the notes or accept the deed on account of the plaintiff's extension of the said vendor's lien as aforesaid.   He prayed to recover the $300 paid on the contract, or, in the alternative, for specific perform-

off the subsisting vendor's lien debt, with permission to assume and pay

A demurrer was interposed to this special answer upon the ground that the contract alleged was within the statute of frauds, which provides, in effect, that no action shall be brought to enforce any contract for the sale of land unless the same or some memorandum thereof shall be in writing and signed by the party to be charged therewith or by his duly authorized agent; and further that the District Court had no jurisdiction to hear and determine his claim for the recovery of the $300 paid on said contract. This demurrer was sustained, and the answer stricken out, and the case went to trial on the plea of not guilty, and resulted in a judgment for the plaintiff, Randolph, for the recovery of the land and $180 for use and occupation, and the defendant, Brown, has brought the case here by appeal, assigning error to the ruling of the court sustaining the demurrer to said special answer.

We think the answer was good and sufficient to recover the $300 alleged to have been advanced as a payment upon the contract, and that the court had jurisdiction to adjudge such recovery. And, while the sale may have been obnoxious to our statute of frauds, yet it would be inequitable to allow the plaintiff to recover possession of the lands and rents and at the same time retain the cash the defendant had paid him upon the faith of the contract of purchase. It was all one transaction, and all the rights of the parties growing out of it should be settled in this suit. As the case must be remanded for a new trial, we deem it proper to suggest that where the defendant has been let into possession under an oral contract of sale, the vendor or plaintiff can not recover rents or damages for use and occupation until the contract is repudiated, because such demands must arise upon contract, express or implied, and presupposes the relation of landloard and tenant. But where the plaintiff took possession of the lands under a contract with the plaintiff as purchaser or owner, such fact would disprove any implied contract to pay rents or any sum for use and occupation, such claim can arise only in the absence of a contract, not in the face of one fixing the relation of the parties as vendor and vendee. If the contract had been void for any reason, the vendee would have been a tenant at sufferance or at will, and pay for use and occupation might be recovered, but contracts within the statute of frauds are not void nor illegal, the statute only prohibits the enforcement of them by an action. Warvelle on Vendors, pp. 888-890.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*