JOYCE v. W. M. SISK.

Decided April 6, 1901.

1.—State School Land Purchase—Mistake in Obligation—Statement of Amount.

An application by an actual settler to purchase a section of 640 acres of State school land appraised at $150 per acre, accompanied by one-fourth of the total price and an obligation of the purchaser, in terms of the statute, to pay the annual interest and one-fortieth of the principal each year, was not vitiated by the fact that the obligation recited the amount of the unpaid principal as $636 instead of $936, since the statute does not specifically require the amount of the principal to be thus stated, and such statement could be rejected as surplusage. Sayles' Civ. Stats., art. 4218j.

2.—Same—Tract Partly in Absolute Lease District—Exception—Construction.

Under the statute providing for the sale of all State school lands except leased lands lying south and west of a designated line, the Land Commissioner was not prohibited from selling an entire section to an actual settler thereon because the west half thereof (320 acres) had been leased, and 77 acres of it fell across such line, since that did not suffice to bring the west half within the exception. Sayles' Civ. Stats., art. 4218s.

Appeal from Fisher. Tried below before Hon. P. D. Sanders.

R. C. Crane, for appellant.

M. Dills, for appellee.

STEPHENS, Associate Justice.—November 17, 1898, appellee made application as owner of section 134, block 3, in Fisher County, to purchase as additional land the land in controversy, which is the west half of section 136 in same block and within the prescribed radius, it having been placed on the market in Fisher County as dry agricultural land at $1.50 per acre. The Commissioner of the General Land Office awarded the land to him, notwithstanding the previous application of appellant, who was an actual settler thereon, to purchase the entire section. This action was brought by appellee to eject appellant, and resulted in a judgment in appellee's favor, from which this appeal is prosecuted.

Error is assigned to the exclusion from the evidence of appellant's application to purchase, made May 27, 1898. The principal ground of objection to this testimony was that the obligation sent up with the application, and offered in evidence as part thereof, in terms obligated appellant to pay only the sum of $636, instead of $936, the balance of principal to become due, appellant having paid one-fortieth of the purchase price and otherwise complied with the law, provided the then existing lease of the west half of the section to J. S. McCall did not interfere with his right to purchase the entire section, there being evidence tending to show that at least a small part of the west half was situated in Scurry County, within the absolute lease territory. The answer alleged, and appellant offered to prove, that the insertion in the obligation of $636, instead of $936, was the mistake of the draftsman

who prepared the application and obligation, and that the oversight was not discovered until after this suit was instituted. His application contained, just preceding a description of the land, in which was given the number of acres (640) and the price per acre ($1.50), the following: "Agreement to pay for same the price per acre below specified." The obligation contained the following: "The annual interest of 3 per cent upon all unpaid principal, together with one-fortieth of the original principal, I am to pay or cause to be paid to the State Treasurer, at Austin, Travis County, Texas, on or before the first day of each November thereafter until the whole purchase money is paid, and I am to comply strictly with all the conditions, limitations, and requirements and am subject to and accept all the penalties conditioned and prescribed in the above recited act." In the first sentence of the obligation, however, the promise was to pay to the State of Texas the sum of $636, there recited to be "for the balance of purchase money for the following described tract of land purchased by me this day of the State of Texas, * * * to wit, all of section No. 136, block 3, township —, in Fisher County," the law under which the purchase was applied for being referred to in this sentence.

The following is the requirement of that law affecting the matter under consideration: "The purchaser shall transmit to the Treasurer of the State one-forteith of the aggregate purchase money for the particular tract of land, and send to the Commissioner his obligation to the State, duly executed, binding the purchaser to pay to the State on the first day of November of each year thereafter, until the whole purchase money is paid, one-fortieth of the aggregate price, with interest at the rate of. 3 per cent per annum on the whole unpaid purchase money, which interest shall also be payable on the first day of November of each year; and upon receipt of one-fortieth of the purchase money by the Treasurer, and the affidavit and obligation aforesaid by the Commissioner, the sale shall be deemed and held effective from the date the affidavit and obligation are filed in the General Land Office. * * *" Sayles' Civ. Stats., art. 4218j.

These quotations from the application, obligation, and statute, together with the admitted fact that appellant tendered to the State Treasurer one-fortieth of the aggregate purchase price, showed a substantial if not a literal compliance on the part of appellant with the law. Since the obligation contained all that the statute required, we think the erroneous recital unnecessarily made of the balance of purchase money due the State, and the promise to pay that sum, may be treated as surplusage. At most the error was but a clerical one which is readily eliminated when the obligation is read in the light of the accompanying application, of which it forms a part, and the attendant circumstances. It would hardly be contended that the obligaton in question under the facts alleged, and which appellant offered to prove, would not warrant a recovery for the full amount remaining unpaid according to the appraised value and specified price for acre at which the land was

applied for and sold. It would be extremely technical to hold that the right of appellant—an actual settler and intending purchaser—was defeated by a mere slip of the pen or miscalculation as to the amount remaining unpaid when that was not deemed necessary by the Legislature to be inserted in the obligation at all. Certainly a more liberal rule of construction with reference to compliance with such requirements of the law seems to have been recognized by the decisions of our Supreme Court. Perez v. Canales, 69 Texas, 674; same case, 65 Texas, 294.

But the Commissioner of the General Land Office had, as already seen, leased the west half of the section to McCall for five years, and it is contended that he had no power, therefore, to sell the entire section to appellant, the evidence tending to show that a part of the half so leased (about 77 acres) was west of the absolute lease line. The law on that subject provides that "all lands which may be leased shall be subject to sale at any time except where otherwise provided herein," and following this is the provision, among others, that "any lands which may be leased south and west of the line herein designated shall not be sold during the term of the lease until otherwise provided by law." Sayles' Civ. Stats., art. 4218s.

All lands which may be leased are thus made subject to sale, unless they fall within some of the exceptions named in the statute, and the only exception available in this case is the one above quoted. The question then is, can it be said that the west half of section 136, which is the land leased, is south and west of the designated line? We think not. True, a part of it may be, but the statutory exception does not extend to lands leased of which a part only is west and south of the line. The rule is a familiar one that cases not within the exceptions of a statute are covered by the general rule, which seems especially applicable in the construction of laws providing for the sale and lease of public school lands in Texas, where the policy has so long prevailed of giving the right of way to the actual settler and intending purchaser.

Because the court erred in excluding the evidence offered by appellant, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*