## WEEKS v. STEVENS.

(Court of Civil Appeals of Texas. El Paso. Feb. 28, 1913. Rehearing Denied April 10, 1913.)

1. FRAUD (§ 59*) — INDUCING CONTRACT — MEASURE OF DAMAGES.

Where plaintiff sues to recover damages for fraudulent representations by which he was induced to enter into a contract to his loss, the measure of damages is the difference between the value of that which he has parted with and the value of that which he has received under the agreement.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

2. DAMAGES (§ 120*)—CONTRACT TO FURNISH WATER—MEASURE OF DAMAGES.

For breach of a verbal contract to furnish water sufficient to mature crops, the measure of damages is the difference between the amount actually realized from the crop and the amount that would have been realized had sufficient water been furnished.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305; Dec. Dig. § 120.*]

3. CONTRACTS (§ 246*)—SUBSTITUTION—CONTRACT TO FURNISH WATER.

Where a person is induced by fraudulent representations, as to the sufficiency of water to mature the crops, to enter into a written contract for a lease of land, and thereafter a verbal agreement is made that the landlord will furnish sufficient water to mature the crops by digging wells, etc., the verbal contract is a complete novation of the written one.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1131–1138; Dec. Dig. § 246.*]

4. CONTRACTS (§ 346*)—ACTION FOR BREACH—ISSUES—FRAUD.

Where plaintiff sued to recover for the damages incurred by fraudulent representations in inducing a written contract for lease of land and also brings an action for breach of an oral agreement to furnish water to mature crops which was a substitute for the written contract, it is error to submit any question of fraud as affecting the damages incurred by reason of the breach of the verbal agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

5. EVIDENCE (§ 445*) — PAROL EVIDENCE — NOVATION.

Where a verbal contract is a complete novation of a written contract, parol evidence of the verbal contract does not offend against the rule relating to varying the terms of a written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by D. A. Stevens against W. R.

Weeks. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

E. B. Elfers and Patterson & Wallace, all of El Paso, for appellant. Brown & Terry, J. H. McClintock, and H. R. Gamble, all of El Paso, for appellee.

HARPER, C. J. D. A. Stevens, appellee, brought this suit in the district court of El Paso county, alleging that he entered into two written contracts with appellant for the purchase and lease of certain lands in the state of Chihuahua, republic of Mexico; that among other things in said contracts contained, the appellant represented that the lands so contracted for sale and lease had full and legal rights of water for irrigation and ditches; that said provisions in said written contracts were material and a part of the consideration inducing the appellee to enter into the contracts; that he believed and relied upon the said representations in the contracts, but that they were false and the appellant knew they were false. And appellee alleges that prior and at the time of entering into the contracts in writing aforesaid, appellant made other misrepresentations of fact, verbally, which were not incorporated in the writings, and which were material, and upon which appellee relied, but which were false and fraudulently made for the purpose of deceiving appellee. Appellee further pleaded that during the years of 1908, 1909, and 1910 it became evident that sufficient water to raise a crop could not be had from the irrigation ditch, and that said lands did not have full and legal water rights for irrigation from the said ditch. Appellee thereupon informed appellant that he would abandon the written contracts unless appellant would furnish sufficient water for irrigation; whereupon appellant agreed that if there should be a shortage of water in the ditch he would dig wells and thereby provide water sufficient for raising the crops, and thereby induced appellee to plant crops each of said years, and that they were in each instance practically failures because appellant failed to comply with the terms of his said contract to supply water as agreed, and that he thereby suffered damages. Appellant answered by general demurrer, special exceptions to the measure of damages pleaded, general denial, and specially that appellee had failed and refused to pay the notes when they became due, failed and refused to do the work on the lands provided by contract, and that there had been a failure of consideration. Appellee replied by special exception to appellant's answer, and pleaded partial payment.

As we construe the appellee's pleading, in the light of the written contracts attached, dated October 17, 1907, and September 19, 1907, and the subsequent verbal contract in 1908, he has incorporated therein two separate, distinct, and different causes of action; the first being for the false and fraud-

ulent misrepresentations contained in the writings, which induced appellee to enter into a contract to purchase and lease certain lands, and the second a verbal contract between the parties whereby, in consideration that appellee would prepare and cultivate the lands mentioned in the written contracts, appellant bound himself to furnish water to mature the crops planted, and that because the appellant breached the said verbal contract and failed to furnish the water, appellee lost his crops, work, etc.

Appellant's first and second assignments complain of the action of the court in overruling his general demurrer and special exceptions, because the petition alleged an improper measure of damages, and because probable profits from crops that might have been raised on leased land are not a proper element of damages where the cause of action is based on false and fraudulent representations inducing the complainant to enter into the contract of rental.

[1, 2] In George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, was laid down the rule applicable to the first cause of action set up in plaintiff's petition; that is, in a case where plaintiff sues to recover damages for a fraudulent representation by which he has been induced to enter into a contract to his loss, the measure of his damages is the difference between the value of that which he has parted with, and the value of that which he has received under the agreement. In other words, what he has lost by the transaction is the measure of his damages. Smith v. Bolles, 132 U. S. 125, 10 Sup. Ct. 39, 33 L. Ed. 279, and the cases there cited. Clearly this rule of law applies to the first cause of action set up in plaintiff's petition, but the second cause of action is based upon the breach of a verbal contract to furnish water sufficient for appellee to mature his crops when planted for the three years, is governed by the rule laid down in Raywood Rice Canal & Milling Company v. Langford Bros., 32 Tex. Civ. App. 401, 74 S. W. 926, which in all its essential particulars was given by the trial court in this case, i. e., "the measure of damages is the difference between the amount actually realized from the crop, and the amount that would have been realized had sufficient water been furnished."

[3-5] The court in withdrawing from the consideration of the jury the matters contained in the written contract of sale of land eliminated a part of the vice proposed in these assignments of error, but the assignments comprehend or include the point proposed in the sixth assignment, i. e., false and fraudulent representations made by appellant as an inducement to the execution of the written contract. The verbal contract to furnish water has no connection with nor relation to the false and fraudulent representations in the original written contracts, nor the verbal

statements made before their execution as an inducement to the execution of said writings. The trial court should have eliminated all phases of the question of fraud in the execution of the written contracts, for the reason that the measures of damages are distinct as well as the cause of action enunciated in the pleading.

The sixth assignment is as follows: "The court erred in overruling the defendant's objections to and permitting the plaintiff, D. A. Stevens, to testify as to parol representations made to him by defendant prior to the execution of the written contract as to the water rights belonging to the land, the amount and sufficiency of the water supply, its source and permanency, the ownership of the ditches and laterals, etc., as same is fully set out in bill of exceptions No. 6 herein filed and as presented in sections Nos. 57 and 58 of defendant's amended motion for a new trial." First proposition under sixth assignment: "It being undisputed that a written contract was entered into between the parties, which contract was not silent as to water rights and ditch rights, and there being no allegation that any fraud was practiced to keep the written contract from expressing the real agreement between the parties, it was error to admit testimony of parol representations tending to vary and to contradict the provisions of the written contract."

The verbal contract was a complete novation, the substitution of a new agreement between the parties for the old, as evidenced by the writings, and had no connection with any false and fraudulent representations as inducements to the execution of the writings pleaded.

The other assignments of error being either directly or indirectly upon the same question of law, same are disposed of by what is said above.

This court not being able to say whether the jury were influenced by the admission of the contracts in writing and the oral statements made prior to the writings complained of in the sixth assignment, and because the trial court failed to sustain the exceptions as to all fraud, the case is reversed and remanded.

HIGGINS, J. I concur in the action of the majority of the court reversing and remanding this cause, but am of the opinion that reversible error is presented only by the eighth assignment, which complains of the refusal of a special charge requested by appellant, as follows: "You are instructed that there is no evidence of any agreement on the part of the defendant to put down wells to irrigate the crops on the N. ½ of the Val Verde in the year 1910. You will therefore not consider the damages, if any, occasioned by failure or loss of crops in the year 1910 due to failure to put down wells."

Plaintiff in his petition alleges: "That the same promises relative to furnishing water and putting in wells and pumps were made, under the same circumstances in 1909 and 1910, as were made in 1908, the plaintiff being thereby induced to remain on the premises and to try to make crops on the said lands, and in each instance the defendant failing to comply with his promises and agreements all to plaintiff's damage." There is no evidence in the record of any such promise made in 1910 as was here alleged. There being a failure of proof in this respect, the requested charge should have been given.

Appellee argues in his brief as follows: "It seems to be the contention of the appellant that the promise to put in wells would have to be renewed each year. We can't see it that way. If the plaintiff was induced to enter into a contract by and through fraudulent representations, and after investing a large sum of money, as the evidence shows he did, in improving the land and getting raw and unleveled land into shape for cultivation, and then finds out that there is an insufficient supply of water and threatens to abandon the land under the existing conditions when the defendant promises and agrees to put in wells and pumps to induce him to waive the fraud and remain as a tenant, must this promise and agreement be made each year?" This argument would be sound were it not for the condition of appellee's pleading. Having alleged a promise and agreement made in 1910 as the basis of the recovery sought for the loss of the crops of that year, he must recover upon the allegations as made.

In view of the fact that I concur in the judgment reversing the cause, it becomes unnecessary for me to state the reasons why I think the assignments discussed in the majority opinion should be overruled.