GARDNER et al. v. SITTIG. (No. 7234.)*

(Court of Civil Appeals of Texas. Galveston. June 16, 1916. Rehearing Denied Oct. 5, 1916.)

1. PLEADING ☞247 — AMENDMENT — SUBSEQUENT ACCRUING INSTALLMENTS.

The lessor, not having elected to cancel lease, as permitted thereby for nonpayment of rent, but to continue it in full force, may, in an action for installment of rents, payable monthly, recover installments accruing thereafter and before the trial, making claim therefor by amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 684, 685; Dec. Dig. ☞247.]

2. FRAUDS, STATUTE OF ☞129(3)—ORAL CONTRACT—PART PERFORMANCE.

Moving out by the lessee cannot be considered part performance of an oral contract to rescind the lease, being subsequent to insistence of the lessor that the lease be complied with.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 289-291; Dec. Dig. ☞129(3).]

3. FRAUDS, STATUTE OF ☞140—PAROL EVIDENCE—RESCISSION OF WRITTEN CONTRACT.

A lease being, as required by the statute of fraud, in writing, rescission thereof cannot be proved by parol.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 156, 342; Dec. Dig. ☞140.]

4. FRAUDS, STATUTE OF ☞140—PAROL EVIDENCE—ESTOPPEL.

The lessor is not estopped to object to evidence of oral rescission of lease in writing, as required by the statute of fraud, because of the lessee moving out, this being after the lessor insisted on performance of the lease.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 156, 342; Dec. Dig. ☞140.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by A. Franklin Sittig against Alf Gardner and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Elliott Cage, of Houston, for plaintiffs in error. Ross & Wood and W. J. Howard, all of Houston, for defendant in error.

McMEANS, J. A. Franklin Sittig brought this suit against Alf Gardner and Fred W.

Martin, individually and as partners doing business under the firm name of Houston Sporting Goods Store, and against the Houston Sporting Goods Store as a partnership, to recover $1,845 alleged to be due as rent for a business house owned by plaintiff, situated at 906 Franklin avenue in the city of Houston, and occupied by defendants under a lease from plaintiff, by the terms of which lease the defendants agreed to pay as rental $150 per month in advance, with the option to plaintiff to terminate the lease if the defendants failed to pay the monthly rental promptly, or failed to comply with any of the other covenants contained in the lease.

Plaintiff alleged that the defendants under and by virtue of said lease entered into possession of the premises, and have since conducted a store for the sale of goods, wares, and merchandise on the premises until about the 1st of July, 1914, when, over the objection and protest of plaintiff, who was asserting a landlord's lien on the fixtures and goods in the store building, the defendants removed said fixtures and stock from the building, which since that time has been unoccupied; that defendants paid the rental in full and up to and including October 15, 1914, and $105 which was applied on the rental for the month ending November 15, 1914; that the balance due at the date of the filing of this petition was $1,695, and that defendants have refused to pay said amount; that plaintiff is the owner of the premises leased, and that the goods upon which plaintiff claims a lien had been removed to 910 Preston avenue, in the city of Houston, and that plaintiff had a preference lien on all of said goods, wares, and merchandise; that other installments of rent will accrue up to the date of the trial of the case; and that plaintiff will be entitled to a judgment for those amounts.

Defendants answered, alleging that they entered into a contract with plaintiff to lease the property described in plaintiff's petition, but that on or about January 16, 1914, the contract was canceled at the suggestion of the plaintiff, and the parties to the lease made and entered into an agreement by the terms of which the plaintiff agreed to release the defendants from any liability for any rent then due, to allow the Houston Sporting Goods Store to remain in said building until July 1, 1914, without any charge for rent, and to pay the defendant the sum of $500 in consideration of their agreeing to canceling of said lease and the further consideration of their vacating the building by July 1, 1914; that in compliance with said agreements the defendants vacated said building before July 1, 1914, and have never used same since said date; that they have carried out their agreement and vacated said building, but that plaintiff had failed and refused to pay them the agreed sum of $500. Wherefore they prayed that plaintiff take nothing by his suit, and that they have judgment against him for the sum of $500.

By supplemental petition plaintiff denied that the contract was canceled in January, 1914, or that he entered into the agreement alleged by defendants; that if such agreement was made, it was verbal and relates to a contract required by law to be in writing, and was therefore void and within the statute of frauds.

Defendants, by their supplemental answer, denied that plaintiff protested or objected to their moving from the leased premises; that they were, at the time they occupied the building, merchants, buying and selling goods and merchandise in the regular course of business, and that plaintiff was not entitled to a lien as claimed by him upon the stock; that since their removal from the building they have bought and sold goods in the regular course of business, and that a great quantity of goods now on hand, and upon which plaintiff was claiming a lien, were purchased since their removal from the building, and that plaintiff had no lien thereon. They denied that the agreement canceling the lease, was within the statute of frauds. They further alleged that at the time of the agreement, canceling the lease, plaintiff anticipated leasing the whole of the building or disposing of same, and was extremely anxious to have same vacated by July 1, 1914, and that it was for these reasons and at his earnest solicitation that they made the agreement canceling the lease.

Plaintiff by trial amendment alleged that since the filing of this amended petition another installment of rent had become due, making the total amount then due $1,845, and prayed for judgment for that amount and the establishment and foreclosure of his landlord's lien.

The case was tried before a jury, and at the conclusion of the testimony the jury, in obedience to peremptory instructions from the court, returned a verdict for plaintiff and against defendants for $1,845 and foreclosure of the landlord's lien on certain goods in the rented building, upon which judgment was accordingly entered. Afterwards, however, the plaintiff remitted $150 of the recovery, and judgment was then entered in his favor for $1,695, from which the defendants have appealed.

[1] By their first assignment of error appellants complain that the court erred in rendering judgment against them for $1,845; their contention being that plaintiff was not entitled to a judgment for rent which accrued after the date of filing of the original petition, which was April 8, 1914. By their proposition they contend that plaintiff was not entitled to recover any rents which accrued after the filing of the petition and the surrender of the building by defendants. The business house was leased by plaintiff to defendants for a period of

five years, commencing August 16, 1911, and ending August 16, 1916, and defendants took immediate possession. The consideration was $150 per month, to be paid monthly in advance. At the time of filing the suit on April 8, 1914, there was due and owing the plaintiff for rents under the terms of the lease $795. On July 1, 1914, the defendants abandoned the building, and at that time the rents accrued and unpaid amounted to $1,-095. Thereafter, as subsequent installments of rentals fell due, plaintiff amended his petition and sought recovery of them. The last amendment was filed October 16, 1914, in which it was shown that the rent for October was due, and prayed for a recovery of all the rents accrued up to that time. There was then due and owing by defendants $1,695. There was no evidence to show that plaintiff had elected to cancel the lease by virtue of any of the provisions of the contract, but, on the contrary, that he had elected to continue the lease in full force. It is our conclusion that under the contract of lease under consideration, the plaintiff was entitled to sue for the monthly installments of rent as fast as they fell due, and to include and recover for all unpaid installments up to the time of filing the trial petition. Racke v. Brewing Ass'n, 17 Tex. Civ. App. 167, 42 S. W. 774. The assignment is overruled.

[2-4] The second assignment is as follows: "The court erred in instructing a verdict in favor of plaintiff, because defendants had alleged and attempted to prove a verbal contract between plaintiff and defendants, canceling the written lease under the terms of which plaintiff was awarded a judgment in this cause."

Their third assignment is as follows: "The court erred in refusing to permit defendants to introduce testimony in regard to oral contract alleged by defendants, canceling the written lease sued on in this cause."

Under the foregoing assignments, which are presented together, appellants advance the proposition that when an oral contract has been performed by one of the parties, such part performance will take the case out of the statute of frauds. On the trial the defendant offered to prove that on or about January 16, 1914, at the instance and request of plaintiff, the parties to the contract of lease entered into an oral agreement, by the terms of which plaintiff agreed to release defendants for any liability for rent then due, and to allow the Houston Sporting Goods Store to remain in the leased building until July 1, 1914, without any charge for rent, and to pay defendants $500 if they vacated the building by July 1, 1914. The testimony rejected was not sufficient to prove, nor did it tend to prove, more than an offer on plaintiff's part to rescind the contract and an acceptance of the offer by defendants. According to the proffered proof the agreement to rescind was made on January 16, 1914, and did not call for any action in reference thereto by defendants until July

1, 1914. It was shown that on the date last stated defendants moved out of the rented building, but when they did so they knew that plaintiff was insisting upon a full compliance upon their part with the terms of the lease both as to the payment of the monthly rent in advance and the retention of the building during the life of the contract; for in April, some two or three months before they moved, plaintiff had filed his suit to recover the very installments which the defendants claimed he had remitted, and was insisting on the enforcement of his landlord's lien upon the property of defendants in the leased building as security for the payment of rents. It appears, then, that the defendants' removal under the circumstances cannot be construed as performance, either in whole or in part, of the alleged agreement of rescission. But it occurs to us that the proffered testimony was, in the circumstances of this case, inadmissible for the purpose for which it was offered, for the reason that the agreement to rescind was within the statute of frauds, and could not be proved by parol testimony; the original contract having been in writing, and the term of the lease running over a period of one year. It was early held that an agreement for the rescission of an executory contract for the sale of land is within the statute, and requires the same character of evidence to establish it as is required to establish the sale (Dial v. Crane, 10 Tex. 444), and this rule has been consistently followed (Sanborn v. Murphy, 5 Tex. Civ. App. 509, 25 S. W. 460, and authorities cited; Erwin v. Daniels, 34 Tex. Civ. App. 378, 79 S. W. 61). If the rescission of an executory contract for the sale of land is required to be proved by the same kind of evidence as is required to establish the sale, we think, by analogy, the rescission of a lease of real estate, which is required by the statute of frauds to be in writing, should also be proved by the same character of evidence. In Beard v. Gooch, 62 Tex. Civ. App. 69, 130 S. W. 1023, it is held that parol evidence is inadmissible to prove a change or modification of the terms of a written lease of land covering a period of more than one year. We recognize, of course, that a situation might arise where the lessor might be estopped from objecting to parol proof of a subsequent oral agreement for the rescission or modification of a written lease, as where, for instance, the lessee had acted upon the parol agreement to his disadvantage, thereby rendering it inequitable for the lessor to require further performance by the lessee of the original lease; but there are no facts in this case, as has been before shown, to raise the issue of estoppel. It follows that the court did not err in rejecting the proffered testimony, and the assignments raising the point are overruled.

The fourth assignment is sufficiently dis-

posed of by what we have said in disposing of the second and third, and is overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.