HEIMER v. YATES et al. (No. 39–2693.)

(Commission of Appeals of Texas, Section A. April 9, 1919.)

1. JUDGMENT ⬅199(1) — NOTWITHSTANDING VERDICT—POWER OF COURT.

Having submitted the case to the jury on special issues, the court was without authority to render judgment for defendant notwithstanding verdict for plaintiff; the limit of the court's power under such circumstances being to set aside the verdict and grant new trial in view of Rev. St. 1911, art. 1990.

2. APPEAL AND ERROR ⬅1175(2)—ENTRY OF FINAL JUDGMENT.

The Court of Civil Appeals, upon reversing judgment of trial court rendered upon a verdict, may enter a final judgment, when it appears that one of the parties as a matter of law is entitled to such judgment.

3. ESTOPPEL ⬅119—SILENCE—QUESTION FOR JURY.

That plaintiff remained silent at an interview had for the purpose of determining whether she had any objection to sale of land to a defendant held not as a matter of law to estop her as to such defendant who had knowledge of the coercive methods used by the other defendants in their dealings with plaintiff inducing her to part with title.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Louisa C. Heimer against J. F. Yates and others. Judgment for plaintiff against all defendants was reversed by the Court of Civil Appeals on appeal by defendant named and judgment rendered in his favor (163 S. W. 140), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded for new trial.

Lattimore, Bouldin & Lattimore, of Ft. Worth, for plaintiff in error.

J. C. Terrell and A. B. Curtis, both of Ft. Worth, for defendants in error.

SONFIELD, P. J. Plaintiff, Louisa C. Heimer, instituted this suit against Roy Neblett, C. D. Neff, Mrs. C. H. Marrett, and J. F. Yates to recover the title and possession of a tract of land in the city of Ft. Worth and to declare null and void deeds executed by plaintiff to C. D. Neff, by C. D. Neff to Mrs. C. H. Marrett, and by Mrs. Marrett to J. F. Yates, respectively, conveying the property. Plaintiff alleged a conspiracy on the part of the defendants to defraud her; that she was induced to part with her property by fraudulent representations, threats, and force made and used by defendants. The case was submitted to the jury on special issues, and upon its findings judgment was rendered for the plaintiff against all of the defendants. Defendant Yates alone appealed. On appeal the Court of Civil Appeals reversed the judgment of the district court and rendered judgment in favor of defendant. Heimer v. Neff, 163 S. W. 140.

The jury in response to special issues found that defendants Neff, Neblett, and Mrs. Marrett, conspiring together, made fraudulent representations and used force and threats to induce plaintiff to part with title to her

property; and that the defendant Yates personally or through his agent, Webb Rose, at the time of the purchase of the property by Yates, knew of said fraudulent representations, and of the force and threats used upon the plaintiff.

The Court of Civil Appeals sustained defendant's assignment of error, to the effect that the court erred in refusing to render judgment for defendant upon his motion, notwithstanding the verdict, because, the undisputed evidence established, that before defendant purchased the property he made due inquiry of plaintiff as to all objections which she might have to his purchase of the property from Mrs. Marrett; that he refused to purchase same until plaintiff was satisfied; that plaintiff subsequently gave her consent, and upon such consent defendant purchased the property.

The court held that, defendant being chargeable with notice of some vice affecting Mrs. Marrett's title, the law imposed upon him the duty of making proper inquiry to ascertain the facts, and that he completely discharged this duty by having his agent and his attorney make inquiry of the plaintiff if his purchase of the property would be agreeable to her; that the law imposed upon the plaintiff the duty, upon such inquiry being made of her, to interpose then and there any valid objections she might have to the sale; that failing to point out her objections, if any, she could not afterwards be heard to complain if defendant, upon the faith of her silence, purchased the property, paying a valuable consideration therefor.

[1] It is definitely settled that the judgment of the trial court must be entered in conformity with the verdict, whether the verdict be correct or not; the court under the statute being without authority to enter judgment non obstante veredicto. Houston & Texas Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Henne & Meyer v. Moultrie, 97 Tex, 216, 77 S. W. 607. This rule is applicable alike to general and special verdicts. The facts held by the court to create an estoppel were not found by the jury. The submission of the issue of estoppel was requested by defendant and refused. If it be conceded that under the facts the court should have peremptorily instructed the jury to find for defendant, this was not done. Having submitted the case to the jury, the court was without authority to render judgment for defendant, notwithstanding the verdict; the limit of the power of the court under such circumstances being to set aside the verdict and grant a new trial. Article 1990, R. S. 1911; Fant v. Sullivan, 152 S. W. 515.

[2] It is equally well established that the Court of Civil Appeals, upon reversing the judgment of the trial court, rendered upon a verdict, may enter a final judgment, when it appears from the evidence that one of the parties, as a matter of law is entitled to such judgment. This is true only when the evidence is of such conclusive nature that the trial court, in the performance of its duty, should have directed a verdict for such party. Henne & Meyer v. Moultrie, supra.

Upon a careful consideration of the record, we are convinced that the Court of Civil Appeals erred in rendering judgment herein for defendant. In view of a remanding of the cause for a new trial, we shall refrain from setting out the evidence in detail and commenting thereon.

[3] The undisputed evidence establishes that defendant Yates, prior to the consummation of his purchase of the property, sent his agent, Rose, and his attorney to ascertain from plaintiff if she had signed a certain instrument exhibited to her, and if she was fully satisfied with the deal involving the sale of the property. The interview took place at the home of Mrs. Marrett, one of the defendants. In that interview, plaintiff was informed that defendant intended to purchase the property if she was fully satisfied. She referred her questioners to her son, who had returned home on a visit after the sale of the property by plaintiff to Neff. There is evidence, not undisputed however, that the son expressed himself as satisfied. Plaintiff, herself, expressed neither satisfaction nor dissatisfaction. There is evidence that, immediately after this interview, the son talked to defendant Yates over the telephone, advising him that plaintiff was not at all satisfied with the transaction and warning him against making the purchase.

Plaintiff is a widow, at the date of the trial 68 years of age, and in poor condition of health. With reference to the interview, she testified that when the agent and attorney of defendant entered the house she thought they had come to arrest her; she was very much frightened, and, after referring them to her son, sat at a distance from them weeping. Under the findings of the jury, force and threats had been used and false representations made to induce plaintiff to part with her property, and defendant Yates, personally or through his agent, had knowledge of the misrepresentations, force, and threats so made and used by the other defendants. The Court of Civil Appeals based its finding of an estoppel upon plaintiff's silence at this interview. We therefore leave out of consideration the alleged phone conversation between plaintiff's son and the defendant. Considering plaintiff's age, her belief that her arrest was intended, her condition during the interview, and having in view the character of the negotiations with reference to the sale of her property prior to the interview, it cannot be held, as a matter of law, that her silence estopped her as against defendant, who, under the findings of the jury, had knowledge

of the coercive methods adopted by the other defendants in their dealings with plaintiff.

We are of opinion that the evidence was not of such conclusive character as to authorize the trial court to peremptorily instruct the jury in favor of defendant, and consequently did not warrant the Court of Civil Appeals in rendering judgment for the defendant, and that the judgment of the Court of Civil Appeals should be reversed and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.