## Ford v. Miller.

### Opinion delivered July 4, 1921.

Frauds, statute of—parol surrender of lease for years.—While, under the statute of frauds, a written lease for a term of years cannot be cancelled or surrendered by a parol agreement alone or by destruction of the writing witnessing the lease, such a parol agreement becomes effective when performed by the parties, in which case the conduct of the parties operates by way of estoppel.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT OF FACTS.

John E. Miller brought this suit in equity against T. J. Ford to cancel an oil and gas lease executed by his grantor, E. J. Nalley, to Ford. The lease was sought to be canceled on the ground that the parties to it had by parol agreement surrendered it, and that their agreement in this regard had been executed.

T. J. Ford defended on the ground that there had been no surrender of the lease, and that it was still in force.

According to the evidence adduced for the plaintiff, E. J. Nalley and F. B. Nalley, his wife, conveyed the land, which is the subject-matter of this lawsuit, to John E. Miller by warranty deed for the sum of $2,500 in hand paid and the assumption by said Miller of a mortgage on the land amounting to $1,100. On the 3d day of May,

1919, E. J. Nalley and F. B. Nalley, his wife, executed an oil and gas lease to T. J. Ford for the period of ten years under certain conditions set out in the lease contract. On the 14th day of June, 1919, T. J. Ford, J. E. Miller and T. J. Bowers entered into a written contract whereby Miller became interested in certain oil and gas leases owned by T. J. Bowers and T. J. Ford. Among the leases was the one referred to above from E. J. Nalley and wife to T. J. Ford.

According to the testimony of E. J. Nalley, T. J. Ford and T. J. Bowers had made an oral agreement with him to purchase the land set out in the lease contract under consideration. Nalley had previously leased the land to Bowers and Ford, and they had verbally agreed with him to cancel the lease at any time that he wished to sell the land. Pursuant to this oral agreement, they delivered the lease to Nalley, and the understanding was that the lease was canceled. The lease had been filed for record, but the lessees had never gone into possession of the land. Nalley held possession of it all the time.

According to the testimony of John E. Miller, Bowers and Ford first intended to purchase the land from Nalley. They applied to him for assistance in making the purchase, and he agreed with them to advance one-third or even one-half of the purchase money and take a corresponding interest in the land. When the time to complete the contract arrived, Ford and Bowers could not raise the money, and they agreed that Miller might purchase the land from Nalley and further agreed that they would surrender the oil and gas lease on the land which they held. They did actually surrender to Nalley the lease contract and told Miller that they had done so. The plaintiff then purchased the land from Nalley and paid him the purchase price thereof. Nalley corroborated the testimony of Miller to the effect that the lease contract had been surrendered to him at the time he completed his contract with Miller and executed to him a warranty deed to the land.

According to the testimony of T. J. Ford, Bowers and himself were interested in buying oil and gas leases. Subsequently they took Miller in with them. Ford surrendered the lease in question to Nalley because he thought Nalley was about to sell the land to a man at Helena, Arkansas, and he had verbally agreed with Nalley at the time the lease contract was executed to surrender the lease contract to Nalley at any time Nalley had a chance to sell the land. Nalley agreed to return the lease to Ford if he did not make the sale to the Helena man. Before Ford surrendered the lease to Nalley, he asked Miller about it, and Miller told him that it was all right to surrender the lease in the manner indicated because it was on record.

Bowers corroborated the testimony of Ford. Bowers acted as agent for Nalley in the sale of the land to Miller.

According to the testimony of Nalley and Miller, they understood that there was an absolute surrender of the lease contract by Ford and Bowers to Nalley before Miller completed his contract for the purchase of the land from Nalley and paid the purchase money and received a deed therefor.

The chancellor found that there had been an executed oral contract for the surrender of the lease between Ford and Nalley, and that Miller purchased the land upon the faith of it, and that Ford was therefore estopped from claiming that there was no valid cancellation of the lease.

From a decree entered in favor of the plaintiff Miller, the defendant, Ford, has duly prosecuted an appeal to this court.

*Brundidge & Neely,* for appellant.

(1) It was error to admit parol testimony to show that no consideration was paid and to show agreement between Nalley and Bowers. Parol evidence is inadmis-

sible to vary written contract. 113 Ark. 517; 95 Ark. 135; 7 A. L. R. 836; 22 C. J. 1129; 145 Ark. 310. The lease was good between Ford and Nalley's successor. A partner cannot derive benefit from the relation against his copartners. 20 R. C. L. 880; 53 Ark. 154.

(2) The lease was not void for want of mutuality. 145 Ark. 310. As to when misrepresentations affect the validity of contracts, see 143 Ark. 592.

HART, J. (after stating the facts). The lease contract between Ford and Nalley covered a period of ten years under the conditions and terms recited in the contract.

Section 4866 of Crawford & Moses' Digest provides, in effect, that no lease for a term of years except a lease for a term not exceeding one year shall be assigned, granted or surrendered unless it be by deed or notice in writing signed by the party so assigning, granting or surrendering the same, or by his agent lawfully authorized by writing or by operation of law.

There was no written surrender or assignment of the lease in question. On that account counsel for the defendant claims that the attempted cancellation or surrender of the lease is void under the section of our statute of frauds just referred to.

Under the statute of frauds it is settled that a written lease can not be canceled or surrendered by parol agreement alone, but it is equally well settled that an executed parol agreement for the surrender of a lease will effect such cancellation. The rule of law invoked does not prohibit parol proof of a verbal agreement to surrender, which is effective when executed; but only goes to the extent of holding that such parol agreement does not of itself constitute a surrender and cancellation of the lease. 24 Cyc. 1327; Taylor's Landlord and Tenant, (9 ed.), vol. 2, par. 511-516. Because the written contract for the lease is not the essence of the contract, but only the evidence of it, the destruction of the writ-

ten instrument does not of itself effect the surrender or the cancellation of the contract.

In addition to the text writers cited above, it is well settled that a written contract for the lease of land may be canceled or surrendered by a subsequent, distinct and independent parol agreement between the parties performed by them. In such cases the conduct of the parties operates by way of estoppel. *Phelps* v. *Seely,* 22 Gratt. (Va.) 573; *Jordan* v. *Katz,* 89 Va. 628; *Goldsmith* v. *Darling,* 92 Wis. 363; *Brewer* v. *National Union Building Association.* (Ill.), 46 N. E. 752; *Auer* v. *Penn.,* 92 Penn. St. Repts. 444; *Stotesbury* v. *Vail,* 13 N. J. Eq. 390; *Williams & Davis* v. *Jones* (Ky.), 1 Bush 621, and *Coe* v. *Cassidy,* 72 N. Y. 133. This rule has been recognized and applied by this court in *Hayes* v. *Goldman,* 71 Ark. 251, and *Williamson* v. *Crossett,* 62 Ark. 393.

In the instant case, according to the testimony of Nalley, there was an absolute surrender of the lease by the delivery of it by Ford to Nalley for the purpose of cancellation. Nalley was at that time in possession of the premises and continued in the possession thereof. According to the testimony of Nalley and Miller, Miller paid the purchase price of the land and received a warranty deed therefor from Nalley upon the faith of the surrender of the lease. Upon the completion of the sale Nalley turned over the possession of the property to Miller.

Thus it will be seen that the verbal contract for the surrender of the lease was fully performed, and the court was right in holding that this operated as a matter of fact to cancel the lease. It is true that the testimony of Miller and Nalley was disputed by the testimony of Ford and Bowers, but the chancellor found the facts for the plaintiff.

There is nothing in the record tending to show that the finding of the court was against the preponderance

of the evidence. Under the settled rules of this court the finding of fact made by a chancellor will not be disturbed on appeal unless it is against the preponderance of the evidence. We do not find that to be the case here, and the decree will be affirmed.