McCarty v. Pinkston.

5-1510                                          311 S. W. 2d 773

Opinion delivered March 24, 1958.
[Rehearing denied April 28, 1958]

*Douglas Bradley,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

Sam Robinson, Associate Justice.   The issue is
whether a written lease was terminated by an oral agree-
ment coupled with delivery of possession of the prem-
ises.   On July 1, 1953, the parties entered into a writ-
ten contract whereby Walton McCarty leased to L. D.
and James S. Pinkston a building in Trumann for the
consideration of $250 per month.   The lease was for a
term of five years.   In May, 1954, Walton McCarty sold
the property to his brother, E. L. McCarty, the sale being
subject to the lease.   Thereafter Walton McCarty acted
as agent for his brother in dealing with the Pinkstons
in regard to the lease.   The Pinkstons paid the rent
through the month of June, 1956, and vacated the build-
ing during that month.

In September, 1956, the McCartys filed this suit
for rent alleged to have accrued subsequent to June,
1956.   An answer was filed, alleging that the lease had
been canceled by mutual agreement and possession of
the property had been delivered to the McCartys.   The
cause was tried to a jury and the issues were whether
the parties had orally agreed to a cancellation of the
lease and whether the Pinkstons had delivered posses-

sion to the McCartys. There was a verdict in favor of the Pinkstons, and the McCartys have appealed.

On appeal there is only the question of whether there is any substantial evidence to sustain the verdict. A written lease may be terminated by an executed parol agreement. *Ford* v. *Miller,* 149 Ark. 443, 232 S. W. 604.

Appellants deny they made an agreement to terminate the lease and deny that they were given possession of the premises, but appellee, L. D. Pinkston, says there was such an agreement and that he vacated the building and left the keys at Walton McCarty's home for him. McCarty admits that he received the keys and did not return them to Pinkston. In these circumstances we cannot say there was no substantial evidence to support the verdict.

Affirmed.