## BREWER v. SAMMIES OIL CORPORATION et al. (No. 1946.)

(Court of Civil Appeals of Texas. Amarillo. April 12, 1922. Rehearing Denied May 31, 1922.)

1. **Brokers** ⊂⇒63(1)—**Broker's right to commission not defeated by refusal of agent of seller to inspect check of buyer.**

Where defendant, an owner of an oil lease, agreed to pay plaintiff a commission for obtaining a purchaser, who must deposit a check satisfactory to defendant's agent, the refusal of the agent to inspect a check of a purchaser ready, willing, and able to buy does not relieve defendant from paying the commission, since the breach of contract by defendant's agent rendered further performance by plaintiff impossible.

2. **Judgment** ⊂⇒199(1)—**Trial judge may not render a judgment non obstante veredicto.**

A trial judge may not render a judgment non obstante veredicto.

Appeal from District Court, Wichita County; Jos. H. Aynesworth, Special Judge.

Action by H. W. Brewer against the Sammies Oil Corporation and others. From judgment for defendants, plaintiff appeals. Reversed and rendered.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for appellant.

W. B. Chauncey, of Wichita Falls, and Fred S. Dudley, of Fort Worth, for appellees.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HALL, J. The appellant, a real estate broker, sued the appellee to recover commissions alleged to be due him for procuring a purchaser ready, willing, and able to purchase a certain lease owned by the appellee in Wichita county. He alleged in substance that on May 17, 1919, the defendant, acting through one of its officers and agents, A. P. Barrett, promised plaintiff a commission of 10 per cent. of the sale price for a certain eight-acre tract of land if plaintiff would procure a purchaser for the lease at $2,500 per acre; that defendant required a deposit by the proposed purchaser of a check in the sum of $6,666.66, being one-third of the purchase price, which should be deposited with an agent selected by the defendant; that for such purpose defendant selected W. B. Chauncey or C. R. Craft; that the balance of said purchase price should be paid when the title was examined within a specified time; that plaintiff complied with the contract in all things; that at the time of the agreement the defendant's agent, Barrett, was in Fort Worth, and the plaintiff, Chauncey, and Craft were in Wichita Falls; that either Chauncey or Craft was authorized to carry out the terms of the sale if plaintiff found a purchaser; about 10 o'clock p. m. on the date mentioned plaintiff notified Craft and Barrett that he had procured a purchaser for the property who was ready, able, and willing to purchase it on defendant's terms, one C. W. Harkrider being such purchaser, and who was ready, able and willing to close the deal; that, upon being informed that plaintiff had a purchaser, Craft communicated with Barrett, and was instructed by the latter to close a contract upon the property at $2,500 per acre, one-third of the purchase price to be put up, the balance to be paid in five days; that by said communication if Craft had not previously been empowered to represent the defendant, he was thereby so authorized and empowered; that Craft refused the tender made him, and was actuated in such refusal by the fact that, as he was returning to the plaintiff after his communication with Barrett, he was informed by some person that the property had been sold, which information was not true; that, on the return of Craft to plaintiff and the purchaser, Harkrider, a contract of sale having been prepared, said contract and the check required by the terms of the agreement were tendered to Craft for his approval; that upon such tender of performance the said Craft refused to have anything to do with the transaction, and refused to accept or pass upon the check and quit the proceedings, giving as the sole and only ground for so doing the information he had received regarding the sale, which was erroneous; that this occurred prior to 11 o'clock p. m. on said 17th day of May, 1919; that all the terms of the contract were complied with, so that the defendant became liable to plaintiff in the sum of $2,000. The petition contains another count which we deem it unnecessary to outline.

Defendant answered by general demurrer, special exceptions, and general denial, and further specially denied that either Chauncey or Craft was its agent in the transaction, but that on the date mentioned Barrett had a conversation over a leased wire with the plaintiff, and that Barrett, as the defendant's agent, told plaintiff that the defendant would sell its eight-acre lease for $2,500 per acre, and pay him a commission of 10 per cent., in which conversation plaintiff was instructed in order for him to sell at that price defendant required as much as $2,500 to be put up under certified check as earnest money, or that check must be acceptable to either W. B. Chauncey or C. R. Craft of Wichita Falls, and that, if the check was acceptable to either of the parties named, the party so accepting the check should notify Barrett on or before 11 o'clock p. m. May 17, 1919, and unless this was done plaintiff was not authorized to close the deal, to which terms the plaintiff assented; that the terms of the contract of listing with plaintiff were not complied with; that the proposed purchaser did not put up a certified check for $2,500 as earnest money, nor did he tender a check for that sum to Chauncey or Craft which either of them accepted, nor did either of them notify the defendant that a check of any kind had been tendered; that it was specially agreed and understood between Barrett and plaintiff that the deal would not be held open longer than 11 p. m. May 17, 1919, and that the plaintiff did not have the exclusive right of sale; that it did not authorize either Chauncey or Craft to act as its agent in connection with its deal, but that they were to act for the defendant only to pass upon the question of whether or not the check tendered by the proposed purchaser was acceptable, and therefore they were only selected in the matter as a stakeholder, and not as an agent. Defendant denies that plaintiff complied with the terms of the agreement, but says he disregarded his instructions for the purpose of claiming his commission; that as a matter of fact the purchaser is not ready, able, or willing to comply with the terms of the sale.

The case was submitted to a jury upon special issues, the findings being in substance as follows:

(1) That the defendant, through A. P. Barrett, agreed to pay the plaintiff the sum of $2,000, same being 10 per cent. of $20,000, in the event plaintiff procured a purchaser for the lease described in plaintiff's petition.

(2) That plaintiff procured such a purchaser, who was then ready, willing and able to purchase the lease described in plaintiff's

petition upon the terms and conditions of the contract between plaintiff and defendant.

(3) That the defendant authorized and empowered C. R. Craft, as its agent, to approve and pass upon the consideration or check that might be tendered by any proposed purchaser whom plaintiff might produce.

(4) That the purchaser procured by the plaintiff accepted the lease upon the terms authorized by the defendant through its agent.

(5) That C. R. Craft refused to pass upon whether the check tendered him was a good and sufficient check.

(6) That a sale of the property was defeated by the action and conduct of C. R. Craft.

(7) That the failure to communicate with Barrett, the agent of the defendant, by 11 p. m., May 17, 1919, was due to the fault and neglect of Craft, who was the agent of defendant.

(8) That C. W. Harkrider (the purchaser procured by plaintiff) did, before 11 o'clock p. m., May 17, 1919, tender to C. R. Craft his personal check for the sum of $6,666.66, as a part of the purchase price for the oil and gas lease described in plaintiff's petition.

(9) That the check so tendered was good at that time at the bank on which it was drawn.

The trial judge filed conclusions of law in the case, holding that the approval of the check and notice thereof to be given on or before 11 o'clock on the night in question were conditions precedent, and further that, if he should be mistaken in the law in that particular, the plaintiff has done everything required of him by the contract to entitle him to judgment. After filing such conclusions the court decided that he was not mistaken, and rendered judgment that the plaintiff take nothing.

[1] The first proposition urged by the appellant is that under the verdict, which is supported by the evidence, showing that the plaintiff complied with all the material terms of the contract between himself and the defendant, the trial court should have rendered a judgment on such verdict for the plaintiff. We sustain this proposition. The findings of the jury are amply supported by the evidence, and we think the trial judge is in error in concluding that notification to Barrett before 11 o'clock on the night in question was a condition precedent. Having procured a purchaser who was ready, willing, and able to purchase the lease upon the terms stated by appellee, the latter cannot avoid liability by reason of its agent having refused to inspect the check which was tendered in performance. If Craft had inspected the check and pronounced it bad, plaintiff could not recover. If he had, after inspection, declared the check good, then it would have been the duty of appellant to notify Barrett before 11 o'clock p. m., but the negotiations did not reach this stage all because Craft refused to even inspect the check, and thereby discharge his duty as the agent of appellee. Under the terms of the contract it was clearly the duty of appellant's agent to inspect the check if presented to him before 11 o'clock p. m. of that day. In fact he was appointed agent for that very purpose, and his refusal to perform this duty is a breach of the contract, and rendered further performance by the appellant impossible. 13 C. J. 614, § 663; Id. 648, § 722.

[2] The trial judge has rendered a judgment non obstante veredicto, which he is not authorized to do under the practice in this state. Heimer v. Yates (Tex. Com. App.) 210 S. W. 680. The only judgment which could have been properly rendered upon the verdict is one for the appellant.

The judgment is therefore reversed and rendered.