MOREY, PLAINTIFF IN ERROR, v. HARVEY, DEFENDANT IN ERROR.

1. AGREEMENT—CAUSE OF ACTION.
After a commission payable in cash has been earned, a verbal agreement to accept, at the option of the debtor, real estate in lieu thereof, will not prevent the creditor from recovering the amount earned in cash, should the debtor refuse to convey.

2. PRACTICE.

It is the province of the jury to pass upon questions of fact, and it is
error for the court to decide upon the weight of evidence and
withdraw an issue from the consideration of the jury.

*Error to the District Court of Arapahoe County.*

PLAINTIFF in error, as plaintiff below, filed his complaint
in three counts. In the first he alleges, *inter alia*, that the
defendant, William Harvey, on November 10, 1887, was
the owner of an eighty acre tract of land near Larkspur,
Colorado, known as " The Red Sandstone Quarry," and that
he employed plaintiff to find a purchaser for and negotiate
a sale of this property, and that for his services in this be-
half he agreed to pay plaintiff what the same were reason-
ably worth. It is further averred that the defendant then
and there authorized plaintiff to sell said property for the
sum of $15,000. That plaintiff accepted said employment
upon these terms and did find a purchaser, to wit, Russell
Bros. & Bills, and negotiated a sale of said tract to them up-
on terms which were satisfactory to and accepted by defend-
ant. That Russell Bros. & Bills paid as a consideration for
such purchase the sum of $20,000 in money, stone, and lots
in the city of Denver. That defendant accepted the con-
veyance of said city lots and the payment of said money
and the agreement to deliver said stone from said purchasers
for $20,000, the purchase price of said tract. Plaintiff claims
that the reasonable value of his services was $5,000, and that
defendant has wholly failed and refused to pay the same or
any part thereof.

The second count differs from the first in that it is averred
therein that the defendant agreed with plaintiff to sell said
property for the sum of $15,000 in money or property, and
further agreed to allow plaintiff, as a consideration for his
services, whatever sum over and above the sum of $15,000
which he (plaintiff) might procure for said premises. That
plaintiff negotiated a sale of the premises to Russell Bros. &
Bills for $20,000, to be paid as follows : $3,000 in cash, $4,700

in stone to be delivered by said Russell Bros. & Bills to defendant, and $12,300 in city lots in the city of Denver. That said bargain so negotiated by plaintiff was accepted by defendant, and the aforementioned consideration paid by the purchasers to defendant and accepted by him in full payment for said property, thereby entitling plaintiff to the sum of $5,000, which defendant has refused to pay, or any part thereof.

The third count is a blending together in one count of the averments contained in the first and second counts.

The issues were completed by the filing of answers consisting of general denials. Upon these issues the cause was tried to a jury, and a verdict returned for plaintiff for the sum of $1,500. Motion for new trial overruled and judgment entered. Plaintiff being dissatisfied with the amount of damages awarded him by the jury, brings the cause to this court upon writ of error.

Messrs. TELLER & ORAHOOD and Mr. C. M. KENDALL, for plaintiff in error.

Mr. CHARLES D. MAY and A. L. DOUD, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The foregoing summary of the pleadings will show that the suit is based upon a single cause of action. This cause of action is stated differently in the several counts, undoubtedly for the purpose of providing against the varied aspects which the proof might assume upon trial. In the first count the plaintiff seeks to recover upon the *quantum meruit;* in the second he pleads an express agreement, by the terms of which he was to receive the sum of $5,000 for his services as a broker in making a sale of defendant's property. At the trial, the district court held that the plaintiff was only entitled to recover on the *quantum meruit,* and so instructed the jury. This action on the part of the court is the principal

ground of complaint upon which a reversal of the judgment is sought.

· The correctness of the ruling of the court below depends upon the evidence. An examination of this will show the employment of plaintiff by defendant to sell the property described in the pleadings ; that plaintiff, acting under such contract, procured a purchaser for this property upon terms that were acceptable to the owner, and that the sale was actually consummated with such purchaser. The only question in dispute, therefore, is as to the commission to which plaintiff is entitled. Plaintiff claims that he is entitled to judgment for $5,000, while defendant contends that the amount was properly fixed upon the *quantum meruit*.

It is in evidence that Harvey authorized Morey to sell the quarry for not less than $15,000 in cash, and that it was orally agreed between them that Morey should have all that could be obtained for the property above this amount. Morey procured purchasers for the property in the persons of Russell Bros. & Bills at the stipulated price of $20,000. The payment of this amount was arranged satisfactorily to all the parties, and the sale completed upon this basis. A part of the purchase price was paid in cash, a part in stone, and the balance in city lots. Morey thereby became entitled to a commission for his services, but whether this commission was to be paid in cash or in real estate is left in doubt.

The court below, assuming that the contract of the parties called for the payment of the agent's commission in real estate, decided that such contract not having been reduced to writing was void under the statute of frauds, and that plaintiff was only entitled to the reasonable value of his services. The trial court was not justified in this assumption under the evidence. For while evidence was introduced tending to support this theory, testimony was also adduced tending to show that plaintiff under his contract was entitled to a cash commission of $5,000. Under the terms of the contract as originally entered into, plaintiff was to have a cash commission. This is not disputed, but whether or not this contract ·

was afterwards abrogated and a new contract substituted for it is not made clear by the evidence. There is testimony in the record before us tending to show that the negotiations between the parties with reference to the payment of the commission in real estate occurred after the sale had been consummated. If, as a matter of fact, the jury had found that plaintiff had earned the commission to be paid in cash under the terms of the original contract, and that, by an oral agreement made after the commission was fully earned, the plaintiff consented to take real estate in lieu of cash at the option of the defendant, upon the defendant's refusal to convey the real estate, plaintiff had an undoubted right to recover the amount of the cash commission agreed upon. It was the peculiar province of the jury to pass upon questions of this nature, and a jury not having been waived by the parties, and the issues of fact as well as of law submitted to the court for determination, it was error for the court to undertake to decide upon the weight of evidence, and withdraw from the consideration of the jury one phase of the controversy upon which plaintiff in error was entitled to have them pass. For this error the judgment must be reversed.

*Reversed.*