## HARVEY v. MOREY.

1. CONTRACTS—STATUTE OF FRAUDS.
A subsequent agreement, void by the statute of frauds, does not revoke or modify the previous contract.

2. SAME.
If, by virtue of a subsequent agreement, one having an option to discharge his obligation to pay cash by the conveyance of certain real estate refuses to avail himself of that privilege and places the property beyond his control, he will be held liable under the original contract.

*Appeal from the District Court of Arapahoe County.*

Messrs. Doud & Fowler, for appellant.

Mr. C. M. Kendall and Messrs. Teller, Orahood & Morgan, for appellee.

Per Curiam. This action, which was instituted by appellee, for commissions upon the sale of real estate, is before this court upon appeal for the second time. See *Morey v. Harvey*, 18 Colo. 40. There is, however, no substantial dispute between the plaintiff and defendant upon the facts. The defendant authorized the plaintiff, a real estate broker, to sell a certain stone quarry belonging to the defendant at a price that would net the owner fifteen thousand dollars ($15,000), agreeing to pay plaintiff, as a commission, all above that sum that could be realized from the property. The plaintiff negotiated a sale with Russell Bros. and Bills for an agreed price of twenty thousand dollars ($20,000), the defendant agreeing to take Denver real estate and some building stone for a part of the purchase price. In order to consummate the trade, the defendant included some horses and wagons, valued at three hundred dollars ($300), which amount was to be deducted from plaintiff's commission of five thousand dollars ($5,000).

After the negotiations had reached a point where it was evident that the sale would be made, the defendant opened negotiations with the plaintiff to induce him to accept in satisfaction of his commission a certain portion of the real estate received from the purchasers, but the evidence fails to show that the parties at any time definitely agreed in reference to the details of such a mode of payment, and for this reason the district court instructed the jury to return a verdict for plaintiff for the agreed commission of four thousand seven hundred dollars ($4,700), and judgment was accordingly rendered for this amount.

The defendant claims that the court erred in giving this instruction, the claim advanced being that the original contract for a cash commission was abrogated by an oral agree-

ment, by the terms of which real estate was to be substituted for cash; the defendant claiming that such oral contract for real estate was void under our statute of frauds, but that it nevertheless operated to annul the original agreement, leaving the plaintiff to recover for his services upon a *quantum meruit*. The alleged facts upon which this claim of the defendant is based finds no support in the evidence. Aside from this, if the facts were established, the conclusion contended for by no means results. A subsequent agreement, if void by the statute of frauds, could not alter, revoke or modify the previous valid contract. *Hasbrouck v. Tappen*, 15 Johns. 200; *Meshke v. Van Doren*, 16 Wis. 339–352.

It is clear from the evidence that plaintiff was to receive a commission of five thousand dollars ($5,000), less three hundred dollars ($300), the value of the horses, wagons, etc. There is not a particle of evidence in this record tending to show that this agreement was ever abrogated. If the defendant, at his option, could have discharged his obligation by deeding to the plaintiff certain real estate, the evidence shows that he refused to avail himself of this privilege and put the property beyond his control. Consequently plaintiff's right to recover under the original contract was properly sustained. When the case was first instituted, the defendant based his refusal to pay upon the ground that one Lett claimed a portion of the commission. This claim of Lett's was sustained by this court. See *Morey v. Lett et al.*, 18 Colo. 128. And since that time there has been no excuse for Harvey's failure to pay the commission, as the district court has already apportioned the amount between Harvey and Lett. The judgment is accordingly affirmed.

*Affirmed.*