**McDONALD et al. v. WHALEY.** *
(No. 313–3642.)

(Commission of Appeals of Texas, Section A. Oct. 25, 1922.)

1. **Frauds, statute of** ☞71—**Land sale contract required to be in writing; "interest in land."**

A contract for the sale of land is an "interest in land" within the statute, and required to be in writing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Property).]

2. **Frauds, statute of** ☞138(2)—**On vendor's breach of oral contract required to be in writing, purchaser may recover amount paid.**

On breach by vendor of an oral contract required by the statute to be in writing, purchaser may, if not in default, recover the amount paid, and vendor cannot set up illegality of the contract in defense.

3. **Frauds, statute of** ☞142—**If failure to complete oral rescission of land sale contract would do irreparable injury, equity regards case removed from statute.**

Though a parol contract rescinding a land sale contract be within the statute, if the purchaser, in reliance thereon has so acted on it that a failure to complete it according to its terms will work irreparable injury to him, equity will regard the case as removed from the statute, and grant relief.

4. **Frauds, statute of** ☞140—**Agreement for rescission of executory land sale contract within statute.**

An agreement for the rescission of an executory land sale contract is within the statute, and parol evidence of such rescission is inadmissible.

5. **Frauds, statute of** ☞138(2) — **Abandoned land sale contract held not to defeat right to recover payment on breach of subsequent oral contract between parties.**

Where a land sale contract was mutually abandoned by the parties and an oral contract made, in which payment applied on the original contract was transferred, the right to recover the payment made on breach of the oral contract could not be defeated by urging its invalidity on the ground that a contract in writing existed.

6. **Exchange of property** ☞8(5)—**Purchaser on rescission can recover only for reasonable cash value of automobile exchanged for land.**

Where part of the consideration of land sale contract was the delivery by purchaser of an automobile and $1,500, on rescission, purchaser was limited in recovery to the reasonable cash value of the automobile at the date of exchange.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by E. E. Whaley against D. L. McDonald and another. A judgment for plaintiff was affirmed by the Court of Civil Appeals (228 S. W. 313), and defendants bring error. Affirmed in part, and reversed in part.

Wm. M. Knight. and W. H. Russell, both of Hereford, for plaintiffs in error.

F. P. Works, of Amarillo, for defendant in error.

SPENCER, P. J. E. E. Whaley, defendant in error instituted this suit against D. L. McDonald and S. B. Edwards, plaintiffs in error, to. recover the sum of $3,000, paid in cash to the latter, and the value of an automobile delivered to them in connection with certain land transactions between the parties. A judgment, based upon special findings of the jury, in favor of defendant in error, was affirmed upon appeal. 228 S. W. 313.

The facts epitomized are that on May 5, 1913, the parties entered into a written agreement, by the terms of which plaintiffs in error contracted to convey to defendant in error the south one-half and northwest one-fourth of section 86, block M-7 in Deaf Smith county, Tex., known as the McDonald tract of land. The consideration expressed in the contract was the payment to plaintiffs in error of the sum of $3,000 in cash; the delivery to them of the automobile at the agreed valuation of $1,500; the conveyance, by defendant in error to plaintiffs in error of an 80-acre tract of land in Colorado; and other considerations unnecessary to mention. The deeds to the respective tracts were to be exchanged within 30 days.

Defendant in error alleged that it was agreed, at the time of signing the original contract and as a part thereof, that if he should become dissatisfied with the land plaintiffs in error would undertake to satisfy him by substituting other land, and in such event the written contract should be abandoned, or at least modified to the extent of substituting the land agreed upon; that on the following day defendant in error informed plaintiffs in error that he was dissatisfied with the land, and desired to abandon and cancel the contract, and that it was by mutual consent of all the parties abandoned and rescinded. This agreement was by parol, and never reduced to writing.

Immediately upon the parol rescission of the first contract, defendant in error was shown other lands by plaintiffs in error, and on that day, May 6, 1913, an oral contract

---

*Rehearing denied December 20, 1922.

to convey to defendant in error the south one-half of section 24, in block K-3, Deaf Smith county, known as the Estes tract, was entered into. By the terms of this contract the $3,000 and the automobile, which had been applied as part payment upon the McDonald tract under the first contract, were to be retained by plaintiffs in error as part payment of the Estes tract. The terms of the last contract were identical with those of the first, with the exceptions noted and the additional stipulation that plaintiffs in error were to drill a well upon the Estes tract by November 1, 1913, but which was not sunk as agreed. This contract was never reduced to writing. Because plaintiffs in error failed to drill the well within the time specified in the agreement, defendant in error refused to convey the Colorado land, and instituted this suit to recover for the money paid and the value of the automobile.

In addition to a general denial, plaintiffs in error urged general and special exceptions to the effect that the written contract of May 5th could not be abrogated, abandoned, or rescinded by a verbal agreement, and that the petition upon its face is obnoxious to the statute of frauds because it seeks to have the executory written contract varied and altered by contemporaneous parol agreements. Plaintiffs in error also tendered performance of the written contract.

Defendant in error replied that he was ready, able and willing to perform his part of the contract for the purchase of the Estes land, and demanded performance upon the part of plaintiffs in error; that he continued to hold himself in readiness to perform until after plaintiffs in error repudiated the verbal contract, and refused to be bound thereby; and that by such repudiation and by urging the statute of frauds they released him from any further obligation to continue to hold the Colorado property, and are now estopped to deny liability in this action.

[1] It is not an open question in this state that a contract for the sale of land is an interest in land, within the meaning of the statute of frauds, and therefore required to be in writing.

[2] It is universally agreed that, in case of the breach by the vendor of an oral contract, required by the statute of frauds to be in writing, the vendee may, if he is in nowise in default, recover the amount paid on the contract, and the vendor cannot set up the illegality of the contract in defense of an action to recover the money received by him.

Plaintiffs in error do not controvert these principles, but invoke the statute of frauds to invalidate the subsequent agreements, and insist upon holding the money received under the terms of the written contract, which they stand ready to perform. If, therefore, the subsequent oral contracts are within the statute of frauds, plaintiffs in error, unless

estopped, are entitled to urge the invalidity of these contracts, and to stand upon the original written contract. Elliott on Contracts, vol. 3, p. 9, par. 1863; Harvey v. Morey, 22 Colo. 412, 45 Pac. 383.

In Elliott on Contracts, supra, the author says:

"It would seem that if the new agreement is invalid and unenforceable it should not be held to abrogate or modify the old contract, and for this reason many of the authorities cited in the last preceding section hold that a new contract, which is invalid or cannot be enforced under the statute of frauds has no effect on the original contract, and the latter remains intact."

Harvey v. Morey was a suit by a real estate broker for commissions. Under a written agreement with his principal, the broker was entitled to a cash commission. The principal alleged that before the sale was consummated the broker orally agreed to accept certain real property in satisfaction of his commissions in lieu of cash. The trial court instructed a verdict for the agreed commission, disregarding the subsequent oral negotiations. The Supreme Court of Colorado, in reviewing the case, said:

"The defendant claims that the court erred in giving this instruction, the claim advanced being that the original contract for a cash commission was abrogated by an oral agreement, by the terms of which real estate was to be substituted for cash; the defendant claiming that such oral contract for real estate was void under our statute of frauds, but that it nevertheless operated to annul the original agreement, leaving the plaintiff to recover for his services upon a quantum meruit. The alleged facts upon which this claim of the defendant is based finds no support in the evidence. Aside from this, if the facts were established, the conclusion contended for by no means results. A subsequent agreement, if void by the statute of frauds, could not alter, revoke, or modify the previous valid contract. Hasbrouck v. Tappen, 15 Johns. 200; Meshke v. Van Doren, 16 Wis. 339–352."

[3] Though the parol contract of rescission be within the statute, yet, if the defendant in error in reliance thereon has so far acted upon it that a failure to complete it according to its terms would work irreparable injury to him, equity will regard the case as removed from the influence of the statute, and grant the relief. 27 C. J. 337–343, pars. 425–427; Phelps v. Seeley et al., 22 Grat. (Va.) 573.

This rule is admirably stated by the Supreme Court of Virginia in Phelps v. Seeley, supra. It is there said:

"No rule of law is better established as a general rule than this—that a written contract, whether under seal or not, and whether relating to land or not, cannot be explained, varied, or controlled by parol evidence. But that is not the question before us. The question is, whether an executory contract in writing, cre-

ating an equitable interest in land, may not in equity be rescinded, waived or abandoned by a subsequent distinct and independent parol agreement between the parties, partially acted on or fully performed by them.

"If part performance of an original parol contract be sufficient in a court of equity to withdraw the case from the operation and influence of the statute of frauds, as it unquestionably is, no good reason is perceived, why part or full performance of a subsequent distinct and * * * parol contract, rescinding the former contract for full consideration, and substituting another in its place, should not in like manner withdraw the latter contract from the influence of the statute. The principle of the two cases would seem to be precisely the same."

The questions presented are: Is the parol contract of rescission of the original contract within the statute of frauds; or (2) if within the statute, are the acts of part performance accompanying the rescission sufficient upon which to predicate an estoppel?

As to the first question the authorities are not in accord. In 27 C. J. p. 201, par. 50, it is said:

"On the question whether a written contract for the sale of land may be rescinded by an oral agreement, the authorities are in conflict. In some jurisdictions the rule is that such a contract cannot be rescinded by parol unless the parol agreement is accompanied by acts of part performance sufficient to take it out of the statute. In other jurisdictions an oral rescission is valid."

In 39 Cyc. 1355b, the rule is thus stated:

"Written contract for the sale of land, while still executory, may be rescinded by a subsequent oral agreement between the parties. However, proof of the rescission by parol, of a contract for the sale of land, should be clear and convincing; and should satisfy the mind that a rescission was intended by the parties. It is essential that there be acts accompanying the supposed rescission which are positive, unequivocal and inconsistent with the contract; and which leave no room for doubt of the intent, such as canceling the agreement or removing from the possession. *When the contract rests only in parol either partial or full performance is necessary to the validity of the agreement.*" (Italics ours.)

[4] Whatever may be said with reference to this conflict of decisions, it is settled in this state by the decision of Dial v. Crain, 10 Tex. 444, and the cases reaffirming it, that an agreement for the rescission of an executory contract for the sale of land is within the statute of frauds, and parol evidence of such rescission is inadmissible. Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610; Gardner v. Sittig (Tex. Civ. App.) 188 S. W. 731; Id. (Tex. Com. App.) 222 S. W. 1090.

[5] The oral contract of rescission was, however, so far acted upon by the parties that it would be inequitable and unjust to hold defendant in error bound by the original contract. The jury found that the original contract was abandoned by the mutual consent of the parties, and the sum paid thereon transferred to the contract involving the Estes land. Had the money and automobile been transferred by the mutual consent of the parties to a third person with whom defendant in error had contracted in reliance upon the rescission, it would not be questioned that an estoppel would arise in his favor against the enforcement of the original contract. Because the subsequent contract is between plaintiff in error and defendant in error, instead of defendant in error and a third person, demands the application of no different rule of law. The subsequent contract is in legal effect separate and disconnected from the original one. Having mutually abandoned the original contract, the rights of the parties are to be determined by the terms of the subsequent contract. Defendant in error seeks in this action to recover the purchase money paid and the value of the automobile because of plaintiff in error's failure to comply with a material stipulation of the contract—the sinking of the well. This right to recover should not be defeated by urging the invalidity of a parol contract on the ground that a contract in writing existed, where both parties had by mutual consent abandoned the latter contract.

[6] The honorable Court of Civil Appeals concluded that there was no error in the trial court's judgment allowing defendant in error to recover the exchange or agreed value of the automobile, although there was no proof as to its reasonable cash value. In this we think there was error. Defendant in error ought not to be permitted to recover more than the reasonable cash value of the automobile at the date of exchange. His damages should be confined to the amount actually lost. If the amount is less than the exchange price, then defendant in error is only entitled to recover the less amount. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048.

For the error pointed out the cause should be remanded as to this item; otherwise, the judgment should be affirmed. We recommend, therefore, that the judgments of the Court of Civil Appeals and the district court be affirmed in part, and reversed and remanded in part.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals affirmed, save as to the recovery of the value of the automobile, and case remanded to the district court for a new trial of the issue as to defendant in error's right to recover the value of automobile.