**A.E. SAIKOWSKI, Appellant,**

v.

**W.D. MANNING, et ux., Appellees.**

**No. 2–86–045–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1986.

Russell, Tate & Gowan and John A. Leonard, Wichita Falls, for appellant.

Fillmore, Purtle & Spurgers and Stephen Briley, Wichita Falls, for appellees.

Before BURDOCK, FARRIS and KELTNER, JJ.

OPINION

FARRIS, Justice.

Appellees brought suit against the appellant for the enforcement of an oral contract rescinding a written contract for the construction and sale of a residence on realty belonging to the appellant. The appellant relies upon TEX.BUS. & COM.CODE ANN. sec. 26.01(b)(4) (Vernon Supp.1986), the Statute of Frauds, in appealing a judgment based upon a jury verdict in favor of the appellees.

We reverse and remand for a new trial.

The contract between the parties provided that the appellant would build a residence on certain real property and convey it to appellees for the purchase price of $173,765.00. The agreement required appellees to pay appellant the cost of the lot plus 10% upon execution of the contract and 90% of monthly costs during construction. Appellees executed the contract on June 16, 1980, and paid appellant a down payment of $38,126.00, including $23,055.00 for the lot, and $15,071.00, which equaled 10% of the difference between the total contract price and the cost of the lot.

The witnesses agreed that after the execution of the contract, the appellees indicated they no longer wished to purchase the residence and requested that appellant repay the $38,126.00. Appellees contend that the appellant agreed to repay the entire sum after completion of construction and sale of the residence. Appellant admitted agreeing to return some sum of money to appellees, but contends that he only agreed to return the down payment less whatever additional expenses he incurred in construction and sale of the residence. Appellant completed construction of the residence and sold it on September 3, 1982, to a third party for $180,000.00. Appellant testified that he lost money on the entire transaction because of additional interim loan expense, utilities, and advertising costs that he was required to pay as a consequence of appellees' failure to purchase the residence.

After they discovered that the residence had been sold, appellees sued appellant for enforcement of the alleged oral contract rescinding the original contract and for return of their down payment. Appellant answered alleging a Statute of Frauds defense and lack of consideration. The jury found that the parties had agreed to a rescission of the written contract, and the trial court entered a verdict that the appellees recover their down payment, pre-judgment interest, and attorneys' fees.

Appellant's first seven points of error are based upon a Statute of Frauds defense. The Supreme Court has held that mutual oral rescissions of contracts required to be in writing are invalid under the Statute of Frauds. *Givens v. Dougherty,* 671 S.W.2d 877, 878 (Tex.1984). An oral contract within the Statute of Frauds may be enforced if its non-enforcement would plainly amount to fraud. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934, 938 (Tex.1972); *Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114, 1115 (1921). In *"Moore" Burger,* the Supreme Court applied the doctrine of promissory estoppel as a means to prevent the enforcement of the Statute of Frauds resulting in fraud. *"Moore" Burger,* 492 S.W.2d at 938. Appellees argue that there are equitable considerations which make the oral agreement between the parties enforceable, and that the doctrine of promissory estoppel should be applied to the instant case to prevent the appellant from relying upon a Statute of Frauds defense. In support of their argument, appellees rely upon *McDonald v. Whaley,* 244 S.W. 596 (Tex.Comm'n App. 1922).

In *McDonald,* the vendor had contracted, in writing, to convey to the vendee a certain tract of land, and in consideration, the vendee paid a down payment and agreed to convey real estate in Colorado in an exchange of deeds. Later, the parties orally agreed to substitute a second tract of land for that described in the written contract to be conveyed by the vendor to the vendee and further agreed that vendor would drill a well on the second tract. The vendor failed to drill the well and the vendee refused to convey the Colorado real estate and sued for return of his down payment. The vendor alleged a Statute of Frauds defense and tendered performance of the written contract. The court in *McDonald* held that an agreement for rescission of a contract for sale of land was within the Statute of Frauds, but that the oral agreement between the parties was so far acted upon that it would be inequitable and unjust to hold the vendee bound by the original agreement and that the parties having mutually abandoned the original contract their rights were to be determined by the terms of the subsequent oral agreement. *Id.* at 597.

It appears that the opinion in *McDonald v. Whaley* is in conflict with the Supreme Court's opinion in *Givens v. Dougherty,* which expressly disapproved of language allowing mutual oral rescissions of contracts required to be in writing by the Statute of Frauds. *Givens,* 671 S.W.2d at 878. Although the court in *McDonald* held that it would be inequitable and unjust to hold the vendee bound by the original written contract, we note that the vendor in *McDonald* tendered performance of the written contract, and the Court's discussion of the facts in *McDonald* do not show that the vendee in that case was induced to any substantial action or forbearance by the oral agreement substituting one tract of land for another.

In *McDonald* the court stated the rule that if a vendor breached an oral contract required by the Statute of Frauds to be in writing, the vendee might, if he was in no way in default, recover the amount paid on the contract and the vendor could not set up the illegality of the contract in defense of an action to recover the money received by him. *Id.* at 597. *See also Tabor v. Ragle,* 526 S.W.2d 670 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n.r.e.); *Campbell v. Fair,* 82 S.W.2d 1038 (Tex.Civ. App.—Texarkana 1935, no writ); *Cammack v. Prather,* 74 S.W. 354 (Tex.Civ. App.1903, no writ). A vendee relying upon

this rule must show that he has tendered compliance with the contract and that the vendor has refused compliance. *Tabor*, 526 S.W.2d at 677. This rule is not applicable to the facts in the instant case because the down payment which the vendees seek to recover was paid pursuant to the original written contract and not as consideration for the subsequent oral agreement of rescission.

The evidence in the instant case precludes the appellees' relying upon a theory of promissory estoppel in order to escape application of the Statute of Frauds. The doctrine of promissory estoppel is expressed in RESTATEMENT (SECOND) OF CONTRACTS sec. 90 (1981), in these words:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Id.*

■ The appellees cannot point to any evidence that they were induced to any substantial action or forbearance as a result of the oral promise of the appellant to return their down payment. When the appellees executed the written contract, they resided in Montgomery, Alabama, but intended to move to Wichita Falls, Texas, where the appellee, Mr. Manning, had an employment opportunity. Manning testified that in July, 1980, he found out that the Wichita Falls employment opportunity was not going to work out and later, the appellees decided they could not make the move because their home in Montgomery had not sold and the money was not available for them to "swing the deal" in Wichita Falls. Manning also testified that in December, 1980, he and the appellant discussed the fact that appellees would not be able to take the house. Manning admitted that he had made no payment other than the original down payment. It is evident from the testimony of Mr. Manning that the appellees' failure to complete purchase of the residence was a result of their inability to complete the transaction rather than any forbearance induced by a promise of the appellant.

We hold that the oral contract of rescission between the parties is within the Statute of Frauds and it is unenforceable.

■ We must next decide whether or not appellant has preserved a complaint for appellate review. In order to preserve a complaint for our review, a party must timely present to the trial court and obtain a ruling on a request, objection or motion. TEX.R.APP.P. 52(a). Appellant's second point of error complains that the trial court erred in overruling a motion in limine. Points of error three and four complain that the trial court erred in overruling a motion to disregard jury findings. Point of error five complains that the trial court erred in overruling a motion for judgment non obstante veredicto. Point of error eight complains that the trial court erred in failing to sustain a request for an express finding, contained in appellant's motion to disregard the jury's findings on special issues, that the appellant was entitled to recover under his cross action against the appellees. We need not consider appellant's points of error two, three, four, five, and eight because there is no ruling of the trial court, contained within the record on appeal, related to any of these points. Appellant's points of error two, three, four, five, and eight are overruled.

■ Appellant's first and sixth points of error complain that the court erred in admitting evidence of the oral contract because the appellees did not plead an exception to the Statute of Frauds applicable to the facts of this case. In their second amended petition, the appellees alleged that the appellant fraudulently misrepresented that he would return the appellees' down payment and that the appellees relied upon this misrepresentation to their injury because they made no arrangements to complete financing the purchase of the residence. The appellant did not except to the appellees' second amended petition. In an earlier pleading, the appellant excepted to appellees' first amended petition, but the

record does not show that those exceptions were called to the attention of the trial court. Pleadings are to be liberally construed in the absence of special exceptions. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex. 1982). Special exceptions not called to the attention of the trial court or upon which the record does not show that the trial court acted are waived. *Texas Steel Co. v. Douglas,* 533 S.W.2d 111, 118 (Tex.Civ.App. —Fort Worth, 1976, writ ref'd n.r.e.). Appellant's first and sixth points of error are overruled.

Appellant's seventh point of error argues that there is alternatively either no evidence or insufficient evidence to support the trial court's determination that the Statute of Frauds did not apply to the oral contract of rescission.

Appellant's motion for new trial complains that there was insufficient evidence to support the jury's finding in response to special issue number two. Special issue number two inquired:

Do you find that Manning and Saikowski entered into an agreement, with consideration, that Saikowski could keep the down payment until such time as he sold the house on Marika Circle and then he would refund Manning's down payment in full after selling the house on Marika Circle?

The court gave the following definition of "consideration":

"Consideration" is defined as something that is given up in exchange, or something that is mutual and is the inducement for the contract, and is both lawful and valuable. It is an essential element of every contract.

We need not consider that part of point of error seven complaining that there is no evidence to support the jury finding because appellant did not preserve that question for our consideration in his motion for new trial or any of the other acceptable methods of preserving a "no evidence" objection for review. *See Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 822 (Tex.1985).

Where the challenge to a jury finding is that there was "insufficient evidence" to support the finding, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If the court so determines, the finding should be set aside and a new trial ordered. *Garza,* 395 S.W.2d at 823. As we noted in our discussion of appellee's theory of promissory estoppel, there is no evidence of any consideration for the appellant's promise that he would refund the appellees' down payment. Since the appellees were incapable of completing the transaction and made no further payment to the appellant, they gave up nothing of value as an inducement for the appellant's promise. *See Whittenburg v. Miller,* 139 Tex. 586, 164 S.W.2d 497, 502 (Tex.1942). We sustain appellant's seventh point of error and reverse and remand for new trial.