**A. E. SAIKOWSKI, Appellant,**

v.

**Hardy L. GAGE et ux., Appellees.**

**No. 17812.**

Court of Civil Appeals of Texas, Fort Worth.

April 7, 1977.

Rehearing Denied May 5, 1977.

Banner, McIntosh & Dobbs, and Jack G. Banner, Wichita Falls, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, Larry. L. Lambert, Wichita Falls, Nelson, Montgomery & Robertson, and David L. Tate, Wichita Falls, for appellee Edd Pruitt.

## OPINION

MASSEY, Chief Justice.

By our decision in this case the judgment of the trial court is affirmed.

Hardy L. Gage and his wife contracted with A. E. Saikowski to purchase a new home building of the latter. The sale and purchase failed of consummation.

As plaintiffs the Gages brought suit against Saikowski alleging that they had by their contract to purchase deposited the amount of $50,000.00 to be applied upon the total price of Saikowski's building upon closing; that the failure to consummate the purchase was by reason of Saikowski's breach of contract; that by reason of such breach they had suffered damages "including the $50,000.00 paid . . . which has not been returned." Prayer to the Gages' petition was that "they recover judgment for return of their $50,000.00 and for such other damages as they may show themselves justly entitled . . . ."

In response Saikowski brought cross-action against the Gages for the relief of specific performance by them of their contract and, in the alternative, for damages accruing to Saikowski for his profit (not specified) which would have resulted upon consummation of the parties' contract. Further, in the alternative, and in the event of failure to recover of the Gages for breach of contract, etc., Saikowski sought damages of a third-party cross-defendant because of damages to the subject house, through its use and occupancy by consent of Saikowski with the Gages.

It was without objection that the trial court framed and submitted the charge to the jury. There was no special request for any issue in addition to those submitted.

In material substance the jury found that Saikowski did not breach the parties' contract as claimed by the Gages; that it was the Gages who breached the contract; that Saikowski suffered $10,000.00 in damages as a direct result of the failure of the Gages to close, i. e., to consummate the contract; and that Saikowski suffered damages of $5,000.00 in market value depreciation of the house and $5,000.00 because of its soilage and harm during the period it was allowed to be used by the third-party cross-defendant prior to the time the Gages breached their contract. Shortly after the breach of contract the third-party occupants moved out of the house.

The verdict of the jury was returned on January 9, 1976. April 22, 1976 the court permitted the Gages to file a trial amendment alleging to be a penalty the provision of the parties' contract providing: "Should the Purchaser fail to consummate . . . Seller shall have the right to retain said cash deposit as liquidated damages for the breach . . . ." The judgment was signed on April 22, 1976.

The judgment provided (upon appropriate motion, etc.) that answers of the jury whereby there was found to have been damages to Saikowski of $5,000.00 depreciation in market value and $5,000.00 damages from soilage to his premises by the third-party occupant were to be set aside and annulled; that the jury finding that Saikowski had suffered $10,000.00 by reason of the Gages' breach of contract to purchase was to persist. Applying to the $50,000.00 held by Saikowski on deposit by the Gages (for application upon the purchase price) a credit in the amount of his $10,000.00 entitlement, the court proceeded to render judgment in favor of the Gages and against Saikowski for the amount of $40,000.00.

Therefrom Saikowski appealed.

■ By the court's charge to the jury Saikowski had his affirmative cause of action submitted as one for damages resulting from the Gages' breach of contract. He abandoned any claim for Gages' specific performance. He therefore was confined in his recovery by judgment to the damages proved by him and found, in accord, by the jury verdict. He could not be entitled to any relief from the third-party cross-defendant because such was requested alternatively and only in the event he failed to show any entitlement to relief against the Gages.

■ In view of the foregoing Saikowski must be held to have consented, by necessary implication, that the $50,000.00 of the Gages in his possession at the time, was their money; that he did not seek to retain it by contractual agreement, but instead waived any right thereto save as applied to the portion, if any, which he might on trial establish to have been his actual breach of contract damages. This result was because of his own pleadings, not through any force of the pleading of the Gages save, perhaps their plea for general relief.

We wholly disregard materiality of the trial amendment permitted to be filed by the Gages on the date of the judgment. To disregard is merely to acknowledge that Saikowski did not seek any damages by contract, and that he did not insist upon any right to retain the $50,000.00 held on deposit (save and except such portion thereof which he was able to prove upon trial to be the proper amount of his entitlement as damages).

Indicated is that the contract provided for a penalty rather than for an amount truly representative of a proper agreement for liquidated damages, but on that question the issue would be required to be resolved by evidence. Here there was not any evidence, nor was there a necessity therefor. Neither party ever declared upon any entitlement for the contractual amount for which there was provision by the contract as liquidated damages. Each set of parties went to trial upon pleadings which demanded common law damages flowing from the breach of agreement each charged against the other.

Upon presentment of the verdict of the jury it clearly became the duty of the trial court to award Saikowski the $10,000.00 in actual damages found to have been suffered because of the loss of his bargain by breach of contract by the Gages. Since Saikowski was holding $50,000.00 belonging to the Gages (of which they were found by the jury to owe $10,000.00 because of their breach of contract) it was entirely proper to render a judgment which decreed Saikowski's liability to return to them the balance of $40,000.00.

Heretofore noticed is the absence of any entitlement by Saikowski to recover from the third-party cross-defendant that $5,000.00 in damages found by the jury to have been done to the house during period of his occupancy.

■ Remaining is the $5,000.00 found by the jury to have represented the decrease in market value of the house because of its having become a used rather than new one through the occupancy of such third person.

Saikowski insists he is entitled to this as additional damages. Already noticed is that occupancy was by agreement of Saikowski with the Gages. What Saikowski says, by necessary implication, is that because he believed that the Gages would consummate their contract with him he had consented that third persons enter into occupancy of the house during the interim period, with a consequent reduction in its market value because of its use (apart from any consideration of any direct damage).

There is not denial that Saikowski sustained loss through depreciation in value of the house because it became a "used" rather than a "new" house. However, it must be recognized that when Saikowski consented the occupancy was the same as had it been by the Gages. In any event the resultant depreciation was "damage" which was foreseeable by Saikowski when he consented.

Under these circumstances Saikowski could not recover rents or damages for use in occupancy until the date of repudiation and breach of contract by the Gages. Any right of Saikowski to recover on these premises necessarily depended upon either express or implied contract whereby he became landlord. This he certainly could not have become until the day the Gages breached their contract. *Brown v. Randolph*, 26 Tex.Civ.App. 66, 62 S.W. 981 (1901, no writ history).

Furthermore, Saikowski would be presumed to have recovered the very damages which would be involved. Judgment was based upon jury verdict that the $10,000.00

in damages was the amount which "would fairly and reasonably compensate Saikowski as a direct result of the failure of the Gages to close . . . ." To add to the damages awarded by judgment the additional $5,000.00 desired by Saikowski would of necessity be to award double compensation for the same injury. This the law forbids; it could not be error to refuse Saikowski the additional $5,000.00.

Therefore, the trial court did not err in disregarding the jury's answer to the special issue by which it had found the $5,000.00 depreciation.

The judgment is affirmed.